```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       ATHENS DIVISION
```

UNITED STATES OF AMERICA,            *
*ex rel.* DAVID L. LEWIS, PH.D.;
R.A. MCELMURRAY, III; and            *
G. WILLIAM BOYCE,
                                     *
    Plaintiffs,
                                     *
vs.
                                     *    CASE NO. 3:06-CV-016(CDL)

JOHN WALKER, PH.D; JULIA W.          *
GASKIN; ROBERT B. BROBST;
WILLIAM P. MILLER, PH.D;             *
E. WILLIAM TOLLNER, PH.D;
L. MARK RISSE, PH.D; THE             *
UNIVERSITY OF GEORGIA RESEARCH
FOUNDATION, INC.; JOE L. KEY;        *
ROBERT K. BASTIAN; CHARLES E.
GROSS; and JOHN DOE(S),              *

    Defendants.                      *

                                     *

O R D E R

Relators David L. Lewis, Ph.D., R.A. McElmurray, and G. William Boyce filed the above-captioned *qui tam* action asserting claims under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3731. On September 14, 2007, this Court entered an order declining to dismiss the claims asserted against Defendants Walker, Gaskin, Brobst, Miller, Tollner, and Risse. The Court determined, however, that Relators failed to state a claim against The University of Georgia Research Foundation ("Foundation") because (1) the original complaint did not provide "factual support for the proposition that the Foundation employed any of the individual Defendants[,]" and (2) "none of the factual allegations support a claim for direct liability." (Order 17, Sept. 14, 2007 [hereinafter MTD Order].) The Court also provided Relators with "fourteen days . . . to amend their Complaint to specifically

identify any additional false statements upon which they intend to rely in order to establish additional FCA violations beyond the June 15, 1999 grant application." (*Id.* at 15 n.9.)

On September 28, 2008,[1] Relators filed a Second Amendment to Complaint. Relators "identified additional Defendants . . . who were initially represented in the Complaint as 'John Doe' Defendants." (Second Am. to Compl. ¶ 89.) Relators allege that "[e]ach of these Defendants was instrumental in assisting, enabling and supporting [the other] Defendants . . . when they knowingly used false statements and fabricated scientific data to obtain federal funds in violation of the FCA." (*Id.*) Particularly, Relators allege that "[t]he role of one additional Defendant, Joe L. Key, supports including [the Foundation] as being vicariously liable for action taken by various Defendants." (*Id.* ¶ 90.)

Presently pending before the Court is the Motion to Dismiss by Defendants University of Georgia Research Foundation, Inc. and Dr. Joe L. Key (Doc. 65). Defendants assert that Relators' allegations with respect to Defendant Key fail to satisfy the requirements of Federal Rule of Civil Procedure 9(b). For the following reasons, this motion is denied.[2]

---

[1]Although this pleading is clearly stamped as "filed" on September 28, 2007, it did not appear on the Court's electronic docket until April 11, 2008. (*See* Second Am. to Compl., Doc. 66.)

[2]In addition to the pending motion to dismiss, Relators' Motion for Reconsideration (Doc. 57) is also pending before the Court. Relators request that the Court reconsider its previous ruling dismissing the claim against the Foundation. For the same reasons that the Court denies the Foundation's presently pending motion to dismiss, the Court grants Relators' motion for reconsideration.

2

FACTUAL BACKGROUND

Since most of the allegations relevant to this motion are included in Relators' original Complaint and outlined in the September 14, 2007 order, the Court will not repeat those allegations in this order. (*See* MTD Order at 2-5.) The additional allegations contained in the Second Amendment to Complaint are as follows:

During the Risse Project, Defendant Joe L. Key was Vice President of the Foundation and a member of its Board of Directors. (Second Am. to Compl. ¶ 100.) The Foundation "is the legal instrument by which the University of Georgia exercises the authority to publish information concerning research findings at the University of Georgia." (*Id.* ¶ 102.) "On June 28, 1999, Defendant Key authorized the Gaskin grant application, which contained numerous knowingly false statements regarding compliance with the FCGA Act."[3] (*Id.* ¶ 101.) In addition, "[b]etween 1999 and the date of this [Second Amendment to] Complaint, Defendant[] . . . Key, and the Foundation knowingly caused to be submitted applications containing false and fabricated information and/or with reckless disregard of their falsity[.]" (*Id.* ¶ 135; *see also id.* ¶ 136.) Since "Defendant Key was an employee of the Foundation at all times during the alleged violations of the False Claims Act[, t]he actions of Key are imputed to the Foundation." (*Id.* ¶ 137.)

---

[3]The Federal Grant and Cooperative Agreement Act of 1977 ("FCGA"), 31 U.S.C. §§ 6301-6308, governs the use and assignment of federal funds.

## STANDARD FOR MOTION TO DISMISS

Defendants maintain that Relators have not stated a claim because they failed to plead their claims with the particularity required by Rule 9(b). *See* Fed. R. Civ. P. 9(b). Since a claim asserted under the FCA is a claim of fraud, a complaint alleging a violation of the FCA must comply with the requirements of Rule 9(b). *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1303, 1308-09 (11th Cir. 2002) ("[W]e now make clear that Rule 9(b) does apply to actions under the [FCA]."); *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005) (per curiam) ("[C]omplaints alleging violations of the [FCA] are governed by Rule 9(b)."). Rule 9(b) requires that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In order to satisfy the "particularity" requirement, a *qui tam* relator must allege "facts as to time, place, and substance of the defendant's alleged fraud, and the details of the defendants' allegedly fraudulent act, when they occurred, and who engaged in them." *Corsello*, 428 F.3d at 1012 (internal punctuation and citations omitted).

"The application of Rule 9(b), however, must not abrogate the concept of notice pleading." *Clausen*, 290 F.3d at 1310 (internal quotation marks and citation omitted). The Court still must "constru[e] the complaint in the light most favorable to the plaintiff and accept[] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). "Of course, 'a formulaic recitation of the elements of a cause of action will not do.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007)

(quoting *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007)). The plaintiff must include sufficient factual support "to raise a right to relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim. *Id.* at 1295-96 (internal quotation marks and citation omitted).

### DISCUSSION

To state a claim against Defendants under the FCA, Relators must allege sufficient facts that Defendant Key, within the scope of his employment with the Foundation, "knowingly ma[de], use[d], or cause[d] to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3729(a)(2). To satisfy the "knowledge" requirement of the FCA, the Complaint must allege facts establishing that Defendant Key:

(1) ha[d] actual knowledge of the information;

(2) act[ed] in deliberate ignorance of the truth or falsity of the information; or

(3) act[ed] in reckless disregard of the truth or falsity of the information[.]"

31 U.S.C. § 3729(b).

### I. Defendant Key

Defendants maintain that Relators failed to state a claim against Defendant Key because "[i]n essence, all the Relators have pled against Dr. Key, the only named Foundation representative in this case, is that he was a vice president and member of the board of the Foundation during the Risse Project and that he authorized the Gaskin grant application." (Br. in Supp. of Mot. to Dismiss by Defs. Univ. of Ga. Research Found., Inc. & Dr. Joe L. Key 5 [hereinafter Defs.' Br.].) Defendants specifically contend that Relators' claims fail

because they did not allege that Defendant Key had knowledge of the false statements contained in the grant application.

This Court has previously determined that Relators have sufficiently alleged facts supporting their claim that the 1999 grant application constitutes a "false record." (*See* MTD Order at 8-10, 13-16.) Relators also specifically allege that Defendant Key "authorized" and "signed" this grant application. (*See* Second Am. to Compl. ¶ 101; Compl. ¶¶ 15 n.4, 16 n.5, 24 n.13, 27 n.15, 29 n.16, 33 n.26, 41 n.38.) At a minimum, therefore, Relators allege sufficient facts to establish that Defendant Key caused a false record to be made or used. *See* 31 U.S.C. § 3729(a)(2). Additionally, Defendants do not dispute that Defendant Key intended "'to get' a . . . claim 'paid or approved by the Government,'" and "that the Government itself" would pay the request for grant monies. *Allison Engine Co., Inc. v. United States ex rel. Sanders*, __ U.S. __, 128 S. Ct. 2123, 2128 (2008). The only issue, therefore, relates to Defendant Key's knowledge of the false or fraudulent statements contained in the 1999 grant application.

Although Defendants maintain that Relators' pleadings fail to satisfy the heightened pleading requirement of Rule 9(b), the language of that rule clearly states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Even under the general notice pleading standard, however, Relators cannot simply generically recite the elements of their claim—i.e., that Defendant Key "knowingly caused to be submitted applications containing false and fabricated information and/or with reckless disregard of their falsity[.]" (Second Am. to Compl. ¶ 135; *see also id.* ¶ 136.) Instead, Relators must also include sufficient

factual allegations "to raise a right to relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" their claim. *Watts*, 495 F.3d at 1295, 1296 (internal quotation marks and citation omitted).

With respect to Defendant Key, Relators allege that: (1) he was Vice President of the Foundation and a member of its Board of Directors during the Risse Project, (Second Am. to Compl. ¶ 100); (2) his signature of authorization appears on the June 1999 grant application, (*see* Second Am. to Compl. ¶ 100; Compl. ¶¶ 15 n.4, 16 n.5, 24 n.13, 27 n.15, 29 n.16, 33 n.26, 41 n.38); and (3) in 1993, "an EPA Inspector General report and joint hearings by the U.S. Senate and House of Representatives" revealed that "[p]revious grants and cooperative agreements, which acquired federal EPA funds for the . . . Foundation and were authorized by Defendant Key, . . . repeatedly violated the FGCA Act[,]" (Second Am. to Compl. ¶ 101). The Court finds that these factual allegations sufficiently state a claim that Defendant Key at least "act[ed] in reckless disregard of the truth or falsity of the information" relating to compliance with the FCGA Act. 31 U.S.C. § 3729(b).

The Court agrees with Defendant Key that standing alone, the fact that he signed the grant application demonstrates nothing more than his "caus[ing] [a false record] to be made or used." 31 U.S.C. § 3729(a)(2). However, Relators also allege that he signed the 1999 grant with knowledge that "an EPA Office of Inspector General audit [in 1993] . . . had previously uncovered many of the[] same violations" of the FCGA and that Key authorized those earlier grants. (Compl. ¶ 33; Second Am. to Compl. ¶ 101.) Taking these allegations as true and construing them in Relators' favor, the Court finds that

7

Relators have "raise[d] a reasonable expectation that discovery will reveal evidence of" Defendant Key's "reckless disregard of the truth or falsity of the information" contained in the 1999 grant application. *Watts*, 495 F.3d at 1295, 1296 (internal quotation marks and citation omitted); 31 U.S.C. § 3729(b). For this reason, Relators have stated a claim against Defendant Key.

**II. The Foundation**

"[I]n cases brought under the False Claims Act[,] . . . knowledge of an employee is imputed to the corporation when the employee acts for the benefit of the corporation and within the scope of his employment." *Grand Union Co. v. United States*, 696 F.2d 888, 891 (11th Cir. 1983). Relators allege that Defendant Key was acting within the scope of his employment when he engaged in the conduct that the Court has found states a claim against Key under the FCA. Accordingly, Relators have likewise stated a claim against the Foundation.

CONCLUSION

For the reasons stated herein, the Court denies the Motion to Dismiss by Defendants University of Georgia Research Foundation, Inc. and Dr. Joe L. Key (Doc. 65).[4] These Defendants shall file an Answer to Relators' Second Amendment to Complaint within thirty days of the date of this order.

IT IS SO ORDERED, this 18th day of July, 2008.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[4] Based upon Relators' amendments to their complaint, and for the same reasons that the Court denies the Foundation's motion to dismiss, the Court grants the Relators' Motion for Reconsideration (Doc. 57) to the extent that the Foundation shall now be reinstated as a Defendant in this action.

9