```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

UNITED STATES OF AMERICA, ex          \*
rel. DAVID L. LEWIS, PH.D., R.A.
McELMURRAY, III, and G. WILLIAM       \*
BOYCE,
                                      \*
    Plaintiffs,
                                      \*     CASE NO. 3:06-CV-016 (CDL)
vs.
                                      \*
JOHN WALKER, PH.D., et al.,
                                      \*
    Defendants.
                                      \*

O R D E R

Relators ask the Court to strike the answers of the University of Georgia Research Foundation, Inc., Joseph L. Key, Julia W. Gaskin, William P. Miller, E. William Tollner, and L. Mark Risse, and to enter default judgment against these Defendants. They seek this drastic measure because these Defendants' attorneys allegedly released Relators' settlement demand letter to the media. For the following reasons, Relators' motion (Doc. 90) is denied.

BACKGROUND

Relators contend that they were summonsed to appear and provide testimony before a committee of the United States Senate related to their allegations in this litigation that would besmirch the reputation of the University of Georgia. Feeling allegiance to his alma mater, one of Relator's attorneys apparently persuaded Relators to make a settlement demand upon Defendants prior to their scheduled committee appearance and thus provide the University of Georgia

Research Foundation and the University-affiliated Defendants with the opportunity to avoid the glare of the political spotlight associated with being a target at a Senate committee hearing. Defendants' attorneys, apparently sensing a settlement shakedown, interpreted the settlement demand to be an extortionate offer to participate in the alteration of testimony before a Senate committee. Expressing disdain for facilitating such conduct, Defendants' attorney responded that neither he nor his clients would have any part of it. Notwithstanding Relators' professed astonishment, this correspondence predictably found its way to the media, although its path to the media is unclear.

Relators, tying together this Court's local rules, the Georgia ethical canons for lawyers, the Georgia statute regarding the admissibility of settlement offers under state law, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence, strain to craft an argument that Defendants' attorneys' conduct is so contemptible that it deserves the most severe sanction. The complexity of Relators' argument reveals its weakness. Plainly put, if a party truly deserves the equivalent of the litigation death penalty, it should not be so hard to make the case.

## DISCUSSION

The sanction of striking pleadings and entering default judgment should be reserved for only the most egregious cases of misconduct. *See, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366, 1371

(11th Cir. 1997) (noting that striking a defendant's pleadings and entering a default in the Rule 37 context is an "extreme sanction" that is only justified by conduct that is intentional or in bad faith).  Here, Relators do not even suggest that Defendants or their attorneys violated any specific Court order in this action. Furthermore, there is no evidence in the present record that they have been dilatory or shown disrespect for the Court or the judicial process.  Even if their actions contributed to the release of the correspondence to the media, that disclosure would arguably be improper only if it were clear that the correspondence was not admissible under any circumstances in this litigation. It is unclear at this stage whether the "settlement correspondence" is even inadmissible.  *See* Fed. R. Evid. 408 (settlement offers and negotiations are not admissible to prove liability, damages or to impeach, *but exclusion is not required if the evidence is offered for another purpose*).

Relators' plea that they can never get a fair trial because of the publicity generated by the disclosure is exaggerated and approaches the preposterous.  If the settlement correspondence is found to be inadmissible at trial, a juror's knowledge of the substance of the correspondence can be addressed in voir dire in a manner that assures that the jury ultimately chosen to decide this case will not be affected by it.  Such issues are effectively resolved every day in courtrooms throughout the country.  Finally,

Relators suggest that the denial of their motion would amount to the condonation of unethical conduct.  Without expressing any opinion as to whether the alleged disclosure here amounts to a violation of the applicable ethical canons, the Court is aware that adequate disciplinary procedures exist within the Georgia State Bar to address any alleged violations of those canons.

Based on the foregoing, the Court finds that the release of the settlement correspondence, even if attributable to Defendants or their attorneys, does not rise to the level of sanctionable conduct authorizing default judgment against Defendants.  Accordingly, Plaintiff's motion (Doc. 90) is denied.

IT IS SO ORDERED, this 31st day of October, 2008.

                                            S/Clay D. Land
                                              CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE