IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DAVID L. LEWIS, Ph.D., *et al.*, | * * * | |
| Plaintiffs, | * | CASE NO. 3:06-CV-16 (CDL) |
| vs. | * | |
| JOHN WALKER, PH.D., *et al.*, | * | |
| Defendants. | * | |

O R D E R

Relators ask the Court to reconsider its September 8, 2010 Order dismissing Relators' claims for lack of subject matter jurisdiction. *See United States ex rel. Lewis v. Walker*, No. 3:06-cv-16 (CDL), 2010 WL 3614144 (M.D. Ga. Sept. 8, 2010). Presently pending before the Court is Relators' Motion for Reconsideration (ECF No. 184). As discussed below, Relators' Motion is denied.

Local Rule 7.6 authorizes a motion for reconsideration when "absolutely necessary." M.D. Ga. R. 7.6. "Reconsideration is 'absolutely necessary' only where the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact." *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009) (internal quotation marks omitted). Here, Relators have not pointed to any change in the law, newly discovered

evidence, or clear error of law or fact.  Rather, Relators attempt to reargue the issues the Court has already determined.

In this *qui tam* action, Relators claim that University of Georgia ("UGA") researchers violated the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, by making false statements in a June 1999 grant application to the United States Environmental Protection Agency ("EPA").  The Court concluded that Relators' claims were based on publicly disclosed information.  *Walker*, 2010 WL 3614144, at *3-*7. The Court further concluded that Relators were not an original source of that publicly disclosed information.  *Id.* at *7-*8.  Accordingly, the Court found that Relators' claims were barred by the FCA's public disclosure bar.

Relators' claims in this action focus upon the June 1999 grant application to the EPA.  Relators contend that the Court "overlooked their primary claim, which relates solely to the act of transmitting the grant application."  Pls.' Mot. for Recons. 3, ECF No. 184. According to Relators, by transmitting the grant application to the EPA, "Defendants knowingly and falsely claimed that [the] project would not directly benefit the EPA."  *Id.*  Relators made this exact argument to the Court in their briefing regarding Defendants' motions for summary judgment.  *E.g.,* Pls.' Resp. to Mot. for Summ. J. of Defs. Gaskin, Miller, Tollner & Risse 9-11, ECF No. 165 (arguing that "[t]he most egregious false claim submitted by Defendants in this

2

case is the Grant Application document itself," noting that "an assistance agreement is proper when the government agency is not directly benefitted from the proposed activities," and contending that the grant application was "specifically designed to provide a direct tangible benefit to EPA"). The Court previously considered and rejected this argument. The Court understood Relators' contentions that the EPA grant application was materially false "for various reasons." *Walker*, 2010 WL 3614144. Given the Court's ultimate conclusion—that Relators' claims were based upon publicly disclosed information for which Relators were not an original source—the Court found it unnecessary to comment directly on each of the various reasons Relators provided in support of their claim that the grant application was materially false. The Court understood that Relators' argument included their contention that Defendants, in submitting the grant application, falsely claimed that the project would not directly benefit the EPA. The Court found that this claim, along with Relators' other claims regarding alleged misrepresentations in the grant application, was based on publicly disclosed information for which Relators were not an original source. Relators have presented no basis for reconsidering this issue.

Relators also note in their Motion for Reconsideration that the Court "did not comment upon whether Defendants' use of the [Journal of Environmental Quality] article, which contained fabricated data,

to obtain additional federal funding constituted a false claim." Pls.' Mot. for Recons. 2-3. The reason for this omission is simple: Relators told the Court that they were not bringing a FCA claim based on the JEQ article, and they pointed to no evidence that the JEQ article was submitted to the federal government for a claim of payment. Rather, Relators represented that the JEQ article was "not [itself] submitted to the federal government for a claim of payment. The Grant Application is the document that was submitted to the government for payment and contained the false claims enumerated herein." Pls.' Resp. to Mot. for Summ. J. of Walker, Brobst, Bastian & Gross 25, ECF No. 170. Relators have presented no basis for reconsidering this issue.

For all of these reasons, Relators' Motion for Reconsideration (ECF No. 184) is denied.

IT IS SO ORDERED, this 6th day of October, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE