```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      ATHENS DIVISION

UNITED STATES OF AMERICA, ex    *
rel. DAVID L. LEWIS, Ph.D., et
al.,                            *

     Plaintiffs,                *
                                       CASE NO. 3:06-CV-16 (CDL)
vs.                             *

JOHN WALKER, PH.D., et al.,     *

     Defendants.                *
```

O R D E R

After the Court dismissed this action for lack of subject matter jurisdiction, each set of Defendants filed a Bill of Costs. Presently pending before the Court is the Bill of Costs filed by Defendants Robert Bastian, Robert Brobst, Charles Gross and John Walker ("EPA Defendants") (ECF No. 195), the Bill of Costs filed by the University of Georgia Research Foundation ("Foundation") (ECF No. 196) and the Bill of Costs filed by Defendants Julia Gaskin, William Miller, Mark Risse and William Tollner ("UGA Defendants") (ECF No. 197).

The parties have proceeded under the assumption that costs in this case are governed by Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 ("§ 1920"). The Court, however, dismissed the action for lack of subject matter jurisdiction, so any award of costs is governed by 28 U.S.C. § 1919 ("§ 1919"),

which states: "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."  28 U.S.C. § 1919; *accord Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 179 F.R.D. 328, 330, 334 (N.D. Ala. 1998).  Though costs under 28 U.S.C. § 1919 "'are not subject to a presumption that they shall be awarded to a prevailing party,'" the Court has broad discretion to determine, based on the totality of circumstances, what costs are "just."  *Id.* at 334 (quoting *Edward W. Gillen Co. v. Hartford Underwriters Ins. Co.*, 166 F.R.D. 25, 27-28 (E.D. Wis. 1996)).

In this case, the Court finds that it would be fair and equitable to permit Defendants to recover their costs from Relators David Lewis, R.A. McElmurray III and G. William Boyce ("Relators").  Relators asserted claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, contending that University of Georgia researchers made false statements in a grant application to the United States Environmental Protection Agency.  The Court concluded that Relators' claims were based on publicly disclosed information, including written responses to open records requests, and that Relators were not the original source of that information.  *United States ex rel. Walker*, 738 F. Supp. 2d 1284, 1287-88 (M.D. Ga. 2010), *aff'd* 438 F. App'x

885 (11th Cir. 2011). Therefore, the Court did not have subject matter jurisdiction over the action. *Id.*

Relators' jurisdictional claim was not entirely frivolous prior to the Supreme Court's ruling in *Schindler Elevator Corp. v. United States ex rel. Kirk*, 131 S. Ct. 1885 (2011) that a written response to an open records request constitutes a "report" within the meaning of the False Claims Act's public disclosure bar, but Relators' jurisdictional claim was not especially strong, either. Relators received the information on which their claim was based not only from responses to open records requests but also from previous litigation, government reports and a journal article. *United States ex rel. Lewis v. Walker*, 438 F. App'x 885, 888 (11th Cir. 2011) (per curiam). Moreover, Relators "did not have or provide any original information beyond what was publicly disclosed," so they were not an "original source" of the information. *Id.* For these reasons, the Court determines that costs should be awarded to Defendants.

While 28 U.S.C. § 1920 and Rule 54(d)(1) do not govern the award of costs in this case, "§ 1920 and Rule 54(d)(1) may provide some help in determining under § 1919 what costs are 'just.'" *Ericsson GE Mobile Commc'ns, Inc.*, 179 F.R.D. at 330; *accord Daugherty v. Westminster Schs., Inc.*, 174 F.R.D. 118, 123 (N.D. Ga. 1997) (applying § 1920 in determining what costs

3

should be awarded under § 1919). The Court finds that the following costs are recoverable under § 1920 and that these costs should be awarded to Defendants in this action as "just costs" under § 1919.

**I.  EPA Defendants**

The EPA Defendants seek recovery of total costs in the amount of $24,838.13. EPA Defs.' Bill of Costs 1, ECF No. 195. The EPA Defendants request the following:

| | |
|---|---|
| Fees of the Clerk: | $39.00 |
| Service Fees: | $105.00 |
| Docket Fees: | $57.50 |
| Deposition Transcripts: | $11,625.78 |
| Courier Costs: | $123.50 |
| Copies: | $12,887.35 |

Relators do not object to the EPA Defendants' requests for fees of the Clerk, service fees and docket fees, which total totaling $201.50. The Court finds that these amounts are just costs under § 1919.

Relators do, however, object to the remaining costs requested by the EPA Defendants. First, Relators object to the deposition transcript costs, contending that it was not necessary for the EPA Defendants to obtain copies of the deposition transcripts. The Court concludes that it is just to award the EPA Defendants the $11,625.78 expended to obtain

4

deposition transcripts.  Each of the depositions was noticed by the Relators, with the exception of the Relators' own depositions.  It was thus necessary and appropriate for the EPA Defendants to obtain transcripts of the depositions.

Second, Relators object to the $123.50 in courier costs, which the EPA Defendants incurred in filing a motion to compel production of documents from a non-party in the United States District Court for the District of Columbia.  The EPA Defendants could have and should have filed the documents relating to their motion to compel either by U.S. Mail or electronically, so it is not just to impose the $123.50 courier costs on Relators.

Finally, Relators object to the EPA Defendants' $12,887.35 in copying costs, which includes $10,602.00 incurred to obtain one copy of each page produced by Relators during discovery, $1,473.52 to process the EPA Defendants' documents for review prior to production to the Relators, and $360.93 to make one copy of each responsive document for Relators.  EPA Defs.' Bill of Costs Ex. D at 1, Summary of Copy Costs, ECF No. 195-4 at 2.  Relators do not object as a matter of principle to the EPA Defendants' "copying" most documents in electronic form through scanning and optical character recognition ("OCR").  *See, e.g., Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 167 (3d Cir. 2012) (holding that scanning and OCR costs are taxable as copying costs under § 1920(4)).  Instead, Relators

5

claim that these copying costs were not necessary. Relators assert that the EPA Defendants should not be permitted to recover the $10,602.00 incurred to obtain one copy of each page produced by Relators during discovery because the EPA Defendants copied all of the nearly 200,000 pages produced by Relators without first analyzing whether the EPA Defendants actually needed each of the documents. Relators do not, however, dispute that they produced the documents in response to the EPA Defendants' discovery requests, so it was reasonable for the EPA Defendants to conclude that the documents were relevant to the case and should thus be copied. Awarding the EPA Defendants these costs produces essentially the same result as would occur if the EPA Defendants had made a paper copy of each document produced by Relators. The Court thus concludes that the EPA Defendants are justly entitled to receive these costs.

Relators also object to the copying charges totaling $1,834.45, which include $1,473.52 to process the EPA Defendants' documents for review prior to production and $360.93 to make one copy of each responsive document for Relators. EPA Defs.' Bill of Costs Ex. D at 1, Summary of Copy Costs, ECF No. 195-4 at 2. Upon review of the EPA Defendants' "Summary of Copy Costs," it appears that the EPA Defendants spent $360.93 to produce the documents for Relators and should be justly taxed against them. *See id.* The remaining $1,473.52 appears to

relate to "processing" the documents, presumably so that the EPA Defendants' counsel could review them in electronic form. *See id.* Relators should not be charged with such processing costs, and the Court declines to award them.

The remaining $450.90 in copying costs is for "in-house" copies made by the EPA Defendants' counsel. These copies appear to be for the convenience of counsel. For example, counsel apparently copied documents in preparation of filing a motion to compel. EPA Defs.' Bill of Costs Ex. D at 1, Summary of Copy Costs, ECF No. 195-4 at 2. The EPA Defendants did not provide an adequate explanation of the other copying costs—copies "made in preparation of depositions" and copies "made of documents received pursuant to subpoena." *Id.* These copy costs shall not be charged against Relators.

In light of the foregoing, the Court awards "just costs" in favor of the EPA Defendants totaling $22,790.21.

**II.  The Foundation**

The Foundation seeks recovery of total costs in the amount of $26,036.14. Foundation's Bill of Costs 1, ECF No. 196. The Foundation's requested costs include:

|  |  |
|---|---|
| Deposition Transcripts: | $12,206.50 |
| Copies: | $13,629.64 |
| *Pro Hac Vice* Fee: | $200.00 |

7

Relators object to the taxation of all of these costs. For the reasons discussed above in connection with the EPA Defendants' deposition transcript costs, the Court concludes that the Foundation's costs of obtaining deposition transcripts are "just" costs. The invoices submitted in support of the Foundation's Bill of Costs do not, however, total the requested $12,206.50, and the invoices show that some of the transcript costs were attributable to the Foundation's failure to pay the fees on time. *See* Foundation Def.'s Bill of Costs Ex. A, Dep. Tr. Invoices, ECF No. 196 at 11-25. The Court concludes that the additional amounts are essentially late fees and should not be charged to Relators. Based on the Court's calculations, the Foundation's invoices establish that the total transcript costs, excluding late fees, total $10,882.85, and the Court awards the Foundation that amount.

The Court likewise determines that the Foundation is entitled to receive the costs of copying material produced by Relators in response to the Foundation's discovery requests. The Foundation, however, appears to have duplicated the imaging of 35,793 pages at a cost of $2,004.36. According to the UGA Defendants, these pages represent a "subset" of the 190,267 pages produced by Relators. UGA Defs.' Reply Br. in Supp. of Bill of Costs 3 n.1, ECF No. 205. Based on the present record, therefore, it appears that this line item sought by the

8

Foundation is duplicative and should not be awarded. The Court also denies the Foundation's request for $1,028.51 in unexplained copy costs. *See* Foundation Def.'s Bill of Costs Ex. B, Summary of Copying Costs, ECF No. 196 at 26-27. The Court therefore awards the Foundation total copy costs in the amount of $10,596.77.

The $200.00 *pro hac vice* fee is for the admission of the Foundation's counsel into this Court. The Court concludes that such fee is not a "just" cost. *See, e.g., Cathey v. Sweeney*, Civil Action No. CV205-202, 2007 WL 1385657, at *1 (S.D. Ga. May 8, 2007) (recognizing split of authority on whether pro hac vice fees are recoverable under § 1920 and concluding that "pro hac vice fee is an expense of counsel, not the client, and is thus not recoverable").

After making the adjustments discussed above, the Court finds that it is appropriate to award the Foundation "just costs" totaling $21,479.62.

### III. UGA Defendants

The UGA Defendants seek recovery of total costs in the amount of $17,266.91. UGA Defs.' Bill of Costs 1, ECF No. 197. The UGA Defendants' requested costs include:

    Deposition Transcripts:    $13,754.63
    Copies:    $3,512.28

9

Relators object to the taxation of these costs. As with the other Defendants, the UGA Defendants are entitled to the costs of the deposition transcripts, as well as $2,771.13 in costs of imaging certain documents produced by Relators in discovery. Of the remaining requested copy costs, the Court concludes that $698.40 for copies of discovery documents are allowable as necessary and just but that $42.75 (285 pages x $.15) shall be disallowed because the copies are related to documents filed electronically with this Court. *See* UGA Defs.' Bill of Costs Ex. A, Itemization for Bill of Costs 1-4, ECF No. 197-2.

In light of the foregoing, the Court awards "just costs" in favor of the UGA Defendants totaling $17,224.16.

## CONCLUSION

For the foregoing reasons, Relators are ordered to pay costs in the following amounts:

To the EPA Defendants - $22,790.21

To the Foundation - $21,479.62

To the UGA Defendants - $17,224.16.

IT IS SO ORDERED, this 14th day of May, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE